## PEOPLE v. COSSELIN

### PEOPLE v. HARRINGTON

1. CRIMINAL LAW—SEARCH AND SEIZURE—WITHOUT WARRANT.

    Discovery and seizure of stolen articles in automobile driven by defendants was a reasonable search and seizure by arresting officer who had reasonable cause to believe that the occupants of the automobile had been involved in a felony where manager of motel near scene of breaking and entering had reported to arresting officer the theft of bed linens and had given officer the license number of the automobile driven by room occupants and where on stopping automobile officer discovered stolen goods wrapped in bed linens stolen from the motel.

2. SAME—SHARING IN PROCEEDS OF CRIME—CONVICTION AS PRINCIPAL —INSTRUCTIONS.

    Trial court's instruction to jury was not erroneous with respect to the criminal liability of one sharing in the proceeds of a breaking and entering where court specifically ruled out conviction as a principal based solely on sharing in the proceeds.

Appeal from Oakland, Templin (Robert L.), J. Submitted Division 2 November 14, 1968, at Lansing. (Docket No. 5,209.)  Decided November 26, 1968.

Michael Cosselin and others were convicted by a jury of breaking and entering.  Defendant Cosselin appeals.  Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  47 Am Jur, Search and Seizure § 52 et seq.
[2]  21 Am Jur 2d, Criminal Law § 120 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Campbell & Lee,* for defendant.

PER CURIAM. Appellant Cosselin, one of four defendants, was convicted by a jury of breaking and entering.[1]

On the night in question, June 30, 1967, the four had rented a motel room next to the site of the breaking and entering where a quantity of cigarettes was taken. When they left the motel, the linens in the room disappeared. A police officer investigating the breaking and entering checked the motel, learned of the missing linens, and also that a codefendant, Littke, who was known to the officer, had registered for the room. He also learned the identity of the car registered to this room. A day later, the officer saw the car and, upon looking through its window, saw a pillowcase inside bearing the name of the motel. A search of the car without warrant revealed a quantity of cigarettes. He arrested the occupants, being two of the defendants, and charged them with the breaking and entering and with larceny in a building[2] for the taking of the linens. Later, the four defendants were charged with breaking and entering.

Defendants' appeal raised 2 principal questions:

1) Was the arrest illegal, thereby making the search and seizure illegal and rendering inadmissible those things that were the fruit of that search and seizure?

---

[1] CL 1948, § 750.110 as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305).
[2] CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592).

2) Was the trial court in error in charging the jury that sharing in the proceeds of a crime,[3] in this case breaking and entering, constitutes sufficient basis for conviction as a principal?[4]

Answering the first question, this Court in *People v. Wolfe* (1967), 5 Mich App 543, has established the standard for a lawful search and seizure without a warrant. As in that case, the officer here had reasonable cause to believe that the occupants of the automobile had been involved in a felony (breaking and entering).

Answering the second question, a review of the record reveals that the trial court in its instructions specifically ruled out a conviction as principal based solely on sharing in the proceeds.

Affirmed.

FITZGERALD, P. J., and R. B. BURNS and ROBINSON, JJ., concurred.

---

[3] CLS 1961, § 750.535 (Stat Ann 1968 Cum Supp § 28.803).
[4] CL 1948, § 767.39 (Stat Ann 1954 Rev § 28.979).