PEOPLE *v.* CHARLES

1. BURGLARY—BURGLAR'S TOOLS—POSSESSION—ELEMENTS OF CRIME.
   Three essential elements in the crime of unlawful possession of
   burglar's tools are:   (1) the tool or implement must be
   adapted and designed for breaking and entering, (2) it must
   be in the possession of one who has knowledge that it is
   adopted and designed for the purpose of breaking and enter-
   ing, and (3) it must be possessed with intent to use or employ
   it in breaking and entering (MCLA § 760.116).

2. BURGLARY—BURGLAR'S TOOLS—EVIDENCE—INTENT.
   Sufficient evidence existed to permit a finding of the requisite
   intent by defendant to use or employ a burglar's tool in
   breaking and entering where the trial court considered evi-
   dence of an attempted breaking and entering with the same
   tool within a few miles of the location where defendant was
   apprehended in possession of the tool as proof of intent to
   use the tool and a thorough review of the record, including
   the location and hour of the offense and the actions of de-
   fendant, clearly demonstrates that the trial court's finding
   of fact and conclusion of guilt were supported by credible
   evidence (MCLA § 750.)

Appeal from Muskegon, Albert J. Engel, J.   Sub-
mitted Division 3 June 4, 1970, at Grand Rapids.
(Docket No. 7,760.)   Decided July 1, 1970.

Donald Lee Charles was convicted of unlawful
possession of burglar's tools.   Defendant appeals.
Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1]  13 Am Jur 2d, Burglary § 74.
[2]  13 Am Jur 2d, Burglary § 77.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Paul M. Ladas,* Prosecuting Attorney, for the people.

*A. Winton Dahlstrom,* for defendant on appeal.

Before: T. M. BURNS, P. J., and FITZGERALD and BYRNS,* JJ.

PER CURIAM. Defendant Donald Lee Charles and his codefendant were charged with the unlawful possession of burglar's tools contrary to the provisions of MCLA § 750.116 (Stat Ann 1954 Rev § 28.311). A jury trial was waived and both men were found guilty on May 15, 1969. Defendant Charles was sentenced to five to ten years and appeals.

The facts which led to the arrest and conviction are as follows:

On December 9, 1969, at 3:57 a.m., police officers were on a routine patrol in the City of Norton Shores. They proceeded past a Ford dealership and as they turned to drive along the back of the building, the headlights disclosed defendant Charles and his codefendant who were crouched near the rear wall of the building.

The patrolmen got out of the car at once and apprehended defendant Donald Lee Charles, who was wearing gloves, and his codefendant. One of the officers testified that he first observed defendant Charles with a metal object in his hand, which Charles threw into the snow. The officer further testified that Charles then dropped down to hide behind a barrel at the side of the dealer's garage. A search of the area disclosed a tire iron at or near the point from which codefendant Rowell had fled and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a large crowbar in the snow alongside the barrel behind which defendant Charles hid.

An investigation of the dealership revealed that nothing was missing. There was no evidence of entry on any of the doors. As both defendants were believed by the officers to be intoxicated, they were taken to the county jail and booked on a drunk and disorderly charge.

Subsequently on the same day, the Muskegon police received a report of an attempted breaking and entering at the Muskegon Eagles Club. An examination of the door showed pry marks which were indicative of an attempted entry. Muskegon police made an outline of the crowbar held in Norton Shores and returned to the scene where they compared their findings with the damage inflicted upon the door of the club. The physical evidence was then submitted to the state police crime laboratory for analysis. Expert testimony during the trial revealed similarities between the crowbar obtained at the time defendants were arrested and the instrument which inflicted the damage at the Muskegon Eagles Club.

The only issue raised on this appeal of defendant Charles is whether there was sufficient evidence to support a verdict of guilty.

In the case of *People* v. *Dorrington* (1923), 221 Mich 571, 574, the Supreme Court set forth three elements of the crime of possession of burglar's tools, to wit:

"Three essential elements are involved in this crime. *First.* The tool or implement must be adapted and designed for breaking and entering. *Second.* It must be in the possession of one who has knowledge that it is adapted and designed for the purpose of breaking and entering. *Third.* It must

be possessed with intent to use or employ the same in breaking and entering."

Because no contest is made of the fact that the crowbar and the tire iron are "adapted and designed for breaking and entering" or that defendant's possession was with "knowledge that it is adapted and designed for the purpose of breaking and entering," the issue in this appeal now becomes whether there existed sufficient evidence to permit a finding of the requisite intent by the defendant to use or employ the tool in breaking and entering.

Defendant contends that the trial court considered evidence of an attempted breaking and entering with the same tool, within a few miles of the location where defendant was apprehended, as proof of intent to use the tools as an element of the crime charged. We do not find this to be an unreasonable inference for the court to make in light of the circumstances, nor an impermissible inference as claimed by defendant. Such evidence is clearly admissible toward proving intent. *People* v. *Allen* (1958), 351 Mich 535.

A thorough review of the record, including the location and hour of the offense and the action of defendant as observed by the officers, clearly demonstrates that the trial court's finding of fact and conclusion of guilt beyond a reasonable doubt were supported by credible evidence. This Court is unable to say that had we heard such evidence and observed the demeanor of the witnesses, we would have reached a different result.

Affirmed.