## PEOPLE *v.* MURPHY

## PEOPLE *v.* GARANT

1. SEARCHES AND SEIZURES—WARRANTLESS SEARCH—LAWFUL ARREST —CONSTITUTIONAL LAW.

    A search without a warrant incident to a lawful arrest, subject to certain restrictions, is not violative of the Fourth Amendment (US Const, Am 4).

2. ARREST—WITHOUT WARRANT—PROBABLE CAUSE—TEST.

    An arrest by an officer without a warrant is legal if based upon probable cause; the existence or absence of probable cause is determined by whether the facts available to the arresting officer at the time of the arrest were sufficient to warrant a man of reasonable caution to believe that an offense had been committed.

3. ARREST—PROBABLE CAUSE—MOTION TO QUASH—INFORMATION— MOTION TO SUPPRESS—EVIDENCE.

    Determination by appellate court whether there was probable cause for an arrest must be based upon testimony presented

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Searches and Seizures § 19.

[2–4] 5 Am Jur 2d, Arrest § 32.

[5–7, 9] 13 Am Jur 2d, Burglary § 78 et seq.

[8] 29 Am Jur 2d, Evidence § 321 et seq.

at the preliminary examination where the motion to quash the information and suppress the evidence was made after the examination but before trial.

4. ARREST—WITHOUT WARRANT—PROBABLE CAUSE.

Arrest without a warrant *held* to have been based on probable cause where the automobile occupied by the defendants was of the same year and make as an automobile which the officers had observed departing from a drugstore upon their arrival to investigate a suspected felony at the drugstore, the arresting officers had been alerted by other officers in the area to be on the lookout for a similarly described automobile with respect to an incident at a lumberyard a few blocks away from the drugstore, the defendants' automobile, when stopped, was near the troubled locations, one of the arresting officers recognized one of the defendants because the defendant had been at the police station before, and the time was 4:25 a.m.

5. CRIMINAL LAW—POSSESSION OF BURGLAR'S TOOLS—ELEMENTS OF CRIME.

The crime of felonious possession of burglar's tools has three essential elements: (1) the tool or implement must be adapted and designed for breaking and entering, (2) the tool must be in the possession of one who has knowledge that it is adapted and designed for the purpose of breaking and entering, and (3) the tool must be possessed with intent to use or employ it in breaking and entering (MCLA § 750.116).

6. CRIMINAL LAW—POSSESSION OF BURGLAR'S TOOLS—"ADAPTED AND DESIGNED"—DEFINITION.

The term "adapted and designed" as used in the statute making the felonious possession of burglar tools a crime means something more than mere common household articles capable of use in breaking and entering; to come within the statute, the tools must not only be adapted, that is, capable of being used in breaking and entering, but also must be designed to be employed for such purpose (MCLA § 750.116).

7. CRIMINAL LAW—POSSESSION OF BURGLAR'S TOOLS—"ADAPTED AND DESIGNED"—PRELIMINARY EXAMINATION—EVIDENCE.

A motion to quash the information charging the defendants with the felonious possession of burglar tools, made on the ground that the testimony at the preliminary examination did not establish that a pair of bolt cutters, a large screwdriver, a 32-ounce hammer, and a punch were "adapted and designed for the purpose of breaking and entering" was properly denied

where the prosecution witness, a 22-year veteran of the police force who had investigated numerous breakings and enterings, testified as to how the items were used in burglaries, and the defendants had been arrested at approximately 4 a.m. near a lumber company which had been broken into (MCLA § 750-.116).

8. CRIMINAL LAW—PRIOR CRIMINAL ACTS—APPEAL AND ERROR—TIMELY OBJECTION.

Allowing a witness, in response to the prosecutor's question, to answer that he had been with one of the defendants when the tools, allegedly used in the breaking and entering charged, had been used in other breakings and enterings was not error where the defendants did not make a motion to strike the answer, and did not request the court to instruct the jury to disregard the answer, and the defendants' objections to the prosecutor's next question, asking which one of the defendants the witness had been with, was sustained.

9. CRIMINAL LAW—POSSESSION OF BURGLAR'S TOOLS—INSTRUCTIONS TO JURY—EXAMPLES.

Using the example of a sledgehammer as a tool adapted and designed for breaking and entering was not prejudicial error even though one of the weapons with which the defendants were charged with possessing, in their trial for felonious possession of burglar tools, was a sledgehammer, where a reading of the instructions as a whole shows that the jury was properly instructed and where the defendants did not make a timely objection to the instructions.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 October 8, 1970, at Detroit. (Docket Nos. 7,006, 7,767.) Decided November 30, 1970. Leave to appeal denied as to Murphy February 17, 1971. 384 Mich 807.

William C. Murphy and James K. Garant were tried together and convicted of possession of burglary tools and breaking and entering. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Goldsmith, Yaker & Goldsmith, (Stuart L. Young,* of counsel), for defendant William C. Murphy.

*August, Frimet, Goren & Murphy (Richard M. Lustig,* of counsel), for defendant James K. Garant.

Before: LESINSKI, C. J., and BRONSON and EN-GEL\*, JJ.

BRONSON, J.    Defendants were charged and convicted by a jury in Recorder's Court for the City of Detroit of possession of burglary tools contrary to MCLA § 750.116 (Stat Ann 1962 Rev § 28.311), as well as breaking and entering in violation of MCLA 1970 Cum Supp § 750.110 (Stat Ann 1970 Cum Supp § 28.305).

The assignments of error raised by each of the defendants on appeal are similar and therefore will be considered conjunctively in this opinion.

Defendants initially challenge the introduction into evidence of certain items seized without a warrant by the officers at the time of defendants' arrest. A motion to quash the information and suppress the evidence was made.    Defendants argued that the officers lacked probable cause to arrest the defendants and therefore the subsequent search of the automobile occupied by the defendants was illegal. Defendants' motions were denied.    Because of their preliminary motions and timely objections at trial, the defendants have properly preserved this issue on appeal.

It is well recognized that, subject to certain restrictions, a warrantless search incident to a law-

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

ful arrest is not violative of the Fourth Amendment. An arrest by an officer without a warrant is legal if based upon probable cause, and the existence or absence of probable cause is determined by whether the facts available to the arresting officer at the time of the arrest were sufficient to " 'warrant a man of reasonable caution in the belief' that an offense had been committed". *Beck* v. *Ohio* (1964), 379 US 89, 96 (85 S Ct 223, 228; 13 L Ed 2d 142, 148). In the instant case, since the motion to quash the information and suppress the evidence was made after the preliminary examination but before trial, the determination of the issue of probable cause must be based upon testimony presented at that examination. *People* v. *Zeigler* (1960), 358 Mich 355, 359.

The pertinent facts, elicited from the witnesses at the preliminary hearing, established the following: the arresting officers, at approximately 4:15 a.m. on September 5, 1967, responded to a sounding burglar alarm at a drugstore on the near east side of Detroit. Upon arrival at the premises, the officers observed a " '62 light-beige-colored Chevrolet with two white male occupants" pull away from the front of the store; a cursory inspection of the drugstore revealed that the electrical wires leading into the building had been severed and that the front door had been "jimmied, pried, and almost opened"; and, the officers began an immediate search of the vicinity for the Chevrolet which had been observed near the drugstore.

At approximately 4:25 a.m., another scout car arrived at the drugstore, inspected the premises briefly and proceeded to search the vicinity. Approximately four blocks from the drugstore, the officers in the second scout car noticed a "light-colored Chevrolet" departing from the corner adjacent to the Lock Lumber Company. At the same

instant, the officers "noticed two boys walk around the corner". The officers started after the car, but "stopped, backed up, and grabbed the two boys" because one boy "took off a pair of gloves and threw them on the ground in the doorway".

The arresting officers, still searching the vicinity for the "light beige '62 Chevrolet" were advised by the officers who had apprehended the two boys near the Lock Lumber Company to be on the lookout for a 1962 Chevrolet. The arresting officers, upon observing a 1962 Chevrolet, stopped the automobile. The automobile was occupied by the two defendants and one of the arresting officers recognized defendant Murphy whom he had known for about two years as a result of Murphy having been in the police station on different occasions.

A search of the automobile at the time of the arrest produced the following items which were eventually introduced into evidence at the defendants' trials: a pair of bolt cutters; two 20-gauge shotgun shells; a large screwdriver; a 32-ounce hammer; and, a punch. It was not until later in the morning of September 5 that the breaking and entering of the Lock Lumber Company was confirmed. The defendants stand convicted of the breaking and entering of the Lock Lumber Company and of possession of burglary tools.

The issue of probable cause must be tested by the facts of each case. We conclude that the above-mentioned facts and circumstances were sufficient to warrant a reasonable belief by the officers that the defendants had committed or were committing a felony. The automobile occupied by the defendants matched the description of the automobile which the officers had observed departing from the drug-store upon their arrival to investigate a suspected felony. The arresting officers had been alerted to

be on the lookout for a similarly described automobile with respect to an incident at a lumber yard a few blocks away from the drugstore. The proximity of the automobile to the troubled locations when stopped, the officers' recognition of defendant Murphy, as well as the time of day, provided further probative circumstances. Considered in their entirety, these events and circumstances were sufficient to establish probable cause for the defendants' arrest. See *Chambers* v. *Maroney* (1970), 399 US 42 (90 S Ct 1975, 26 L Ed 2d 419); *People* v. *Johnnie Mae Jones* (1968), 12 Mich App 369; *People* v. *Wolfe* (1967), 5 Mich App 543.

Having determined that probable cause existed, and thus the arrest was lawful, the items seized incident to the arrest were properly admitted into evidence. *People* v. *Cosselin* (1968), 14 Mich App 298; *People* v. *Sansoni* (1968), 10 Mich App 558; *People* v. *Panknin* (1966), 4 Mich App 19.

The second question on appeal is addressed to the issue of whether sufficient evidence was presented at the preliminary examination to bind the defendants over for trial on the charge of possession of burglary tools. Defendants filed a timely motion to quash the information as to the possession charge, but their motion was denied.

The statute in question, MCLA § 750.116 (Stat Ann 1962 Rev § 28.311), provides:

"Any person who shall knowingly have in his possession any nitroglycerine, or other explosive, thermite, engine, machine, tool or implement, device, chemical or substance, adapted and designed for cutting or burning through, forcing or breaking open any building, room, vault, safe or other depository, in order to steal therefrom any money or other property, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use

or employ the same for the purpose aforesaid, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years".

The essential elements of a crime under this statute were announced in *People* v. *Dorrington* (1923), 221 Mich 571, 574, where the Court stated:

"Three essential elements are involved in this crime: *First.* The tool or implement must be adapted and designed for breaking and entering. *Second.* It must be in the possession of one who has knowledge that it is adapted and designed for the purpose of breaking and entering. *Third.* It must be possessed with intent to use or employ the same in breaking and entering".

On appeal defendants do not argue that the elements of knowledge and intent were absent in the instant case. We agree. The testimony presented at the preliminary examination and the disclosure of facts surrounding the arrest would clearly enable the judge to submit those issues to the jury. See *People* v. *Donovan* (1921), 216 Mich 231. Defendants argue, however, that the trial court erred in failing to quash the information because the testimony at the preliminary examination did not establish that the seized items were "adapted and designed for the purpose of breaking and entering". We disagree.

The term "adapted and designed" was interpreted in *Dorrington, supra,* p 574:

"The term 'adapted and designed' means something more than mere common household articles capable of use in breaking and entering. To come within the statute, the tools must not only be adapted, that is, capable of being used in breaking and entering, but as well designed, that is, contrived or taken to be employed for such purpose".

The testimony adduced at the preliminary examination established that the seized items, although they may have a legitimate purpose, were common items used in burglaries. The prosecution's witness, a 22-year veteran of the police force who had investigated numerous breakings and enterings, testified that the items seized were commonly used in burglaries to remove molding, open safes, pry windows and doors, and cut locks and screens. Defendants' possession of these items, coupled with the circumstances surrounding their arrest, would warrant a jury's finding that the items were contrived and adapted for breaking and entering. *People* v. *Dorrington* (1923), 221 Mich 571; *People* v. *Jefferson* (1910), 161 Mich 621; *People* v. *Charles* (1970), 25 Mich App 191. The denial of the motion to quash the information on the possession charge was proper.

Defendants next contend that allowing the following questioning of the prosecution's witness constituted reversible error:

"*Q.* So that your testimony is, sir, is that you, Richard, remember that crowbar and the punch and the sledge?
"*A.* Yes.
"*Q.* Do you recall whether anyone handed you the crowbar?
"*A.* Yes.
"*Q.* Who?
"*A.* Jim Garant.

\*        \*        \*

"*Q.* What had he been told to do?
"*A.* To be the lookout.
"*Q.* About how long did you stay inside there?
"*A.* About five minutes, or five or ten.
"*Q.* Do you remember doing anything with the venetian blinds?
"*A.* No.

"*Q.* Do you remember whether you used or is it your testimony that you used this crowbar on the side door?

"*A.* Yes.

"*Q.* Had you seen these tools, the ones that you remember, on the previous occasions?

"*A.* Yes.

"*Q.* Had you in fact been in the company of one or both of these men [defendants] on previous occasions when these tools were used in a breaking and entering?

"*A.* Yes.

"*Q.* Which —

"*Mr. O'Connell:* Your Honor, I am going to object to that. I don't see where it is relevant to this matter.

"*The Court:* I am going to sustain it".

Defendants failed to make a motion to strike the answer nor did they request the court to instruct the jury to disregard the answer. Defendants' intent is an essential element, material to a valid conviction under MCLA § 750.116 (Stat Ann 1962 Rev § 28.311). As such, we would be hard pressed to rule in defendants' favor if the trial court, instead of sustaining the objection, had overruled it. See MCLA § 768.27 (Stat Ann 1954 Rev § 28.1050) ; *People* v. *Allen* (1958), 351 Mich 535. Since the defendants in fact benefited from the trial court's decision to sustain the objection, we find defendants' claim of error to be without merit.

The final assignment of error raised by the defendants relates to the trial court's instruction to the jury. In explaining the meaning of "adapted and designed", as used in MCLA § 750.116 (Stat Ann 1962 Rev § 28.311), the trial court presented the following example:

"First, that the tool or implement be adapted and designed for breaking and entering.

"Now, let me give you an example of that. When I say the tool or implement must be adapted and designed for breaking and entering, if I went to a building and I had the intent to break in, but when I went I knew that the building was shielded by a huge steel door, and I went there with crocheting needles, you would automatically know that that crocheting needle is not a tool or implement that is adapted or designed for breaking and entering into that building. But if I went to that building knowing that it had a steel door and knowing that that steel door traveled up and down a track to close it securely with all sides closed securely, if I went there with a couple of sledge hammers and I had a truck with a specific tool built on the front of it so as to buck the door, then with those kinds of tools you would know that I knew they were adapted and designed for that particular breaking and entering".

Defendants claim prejudicial error resulted from the above instruction because the example included a reference to a sledge hammer, the same tool that was discovered in the automobile occupied by defendants. We disagree with defendants' claim that they were prejudiced by the above example. A reading of the instruction in its entirety reveals that the trial court properly instructed the jury on the elements of the crime and that no prejudicial error occurred. See *People* v. *Floyd* (1968), 15 Mich App 284; *People* v. *McIntosh* (1967), 6 Mich App 62. In addition, we note that defendants, although afforded the opportunity, failed to timely object to the trial court's instructions. As such, they failed to properly preserve the issue on appeal. *People* v. *Perkins* (1968), 11 Mich App 170; *People* v. *Dexter* (1967), 6 Mich App 247.

The grounds assigned by the defendants on appeal do not persuade this Court that error was

committed either at the preliminary examination
or at the trial of the matter.
  Affirmed.
  All concurred.