PEOPLE v. GRAY

1. Licenses—Criminal Law—Defenses.

The question of whether a defendant has been licensed to carry a concealed weapon must be put in issue by the defendant (MCLA 776.20).

2. Licenses—Evidence—Error.

The introduction into evidence of a letter from the state police stating that there was no record of defendant obtaining a license to carry a concealed weapon was not reversible error where the defendant had not contended that he was licensed, and, hence, the letter was merely superfluous.

3. Searches and Seizures—Plain View.

A search and seizure was legal where a police officer stopped a car defendant was driving for an actual violation, not having a rear license-plate light, and the revolver seized was observed sticking out from under the driver's seat in plain view of an officer standing where he had a right to be.

4. Witnesses—Police Practices—Cross-Examination.

The cross-examination of a police officer pertaining to police practices not directly at issue in a case may properly be restricted where the trial judge offers to conduct a separate hearing on the matter out of the presence of the jury and the defendant chooses not to do so.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 October 4, 1971, at Lansing. (Docket No. 9443.) Decided November 24, 1971.

References for Points in Headnotes

[1, 2] 56 Am Jur, Weapons and Firearms § 9 et seq.
[3] 47 Am Jur, Searches and Seizures § 18.
Lawfulness of search of motor vehicle following arrest for traffic violation. 10 ALR3d 314.
[4] 58 Am Jur, Witnesses § 664 et seq.
21 Am Jur 2d, Criminal Law § 333 et seq.

Leray Gray was convicted of carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Carl Bekofske,* for defendant on appeal.

Before: DANHOF, P. J., and BRONSON and TARGONSKI,* JJ.

PER CURIAM. After a jury trial the defendant was convicted of carrying a concealed weapon. MCLA § 750.227 (Stat Ann 1962 Rev § 28.424). He now appeals.

On September 16, 1969, the defendant was stopped by two police officers because he was driving a car that did not have a rear license-plate light. The officers examined the defendant's driver's license and shined a flashlight into the car. The butt of a revolver was observed sticking out from under the driver's seat.

The defendant contends that it was error to admit into evidence a letter from the director of the Michigan State Police. The letter stated that there was no record that a license to carry a concealed weapon had been issued to the defendant.

We find it unnecessary to pass upon this contention. The defendant has never contended that he was licensed to carry a concealed weapon. At the trial he based his defense solely on the contention that he was not aware that the gun was in his car. The question of whether a defendant has been li-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

censed must be put in issue by the defendant. MCLA § 776.20 (Stat Ann 1971 Cum Supp § 28.1274 [1]) provides:

"In any prosecution for the violation of any acts of the state relative to use, licensing and possession of pistols or firearms, the burden of establishing any exception, excuse, proviso or exemption contained in any such act shall be upon the defendant but this does not shift the burden of proof for the violation."

Since the issue was never raised by the defendant, the letter is merely superfluous and its admission could not be reversible error.

The defendant contends that the trial court erred in refusing to grant his motion to suppress the gun. The trial court found that the police officers stopped the defendant for an actual violation and not as a pretext for an illegal search, and that the revolver was in plain view of the police officer who was standing where he had a right to be. These findings are supported by the record. Therefore, the search and seizure was valid. *People* v. *Beauregard* (1970), 21 Mich App 224; *People v. Pruitt* (1970), 28 Mich App 270.

The defendant contends that he was erroneously restricted by the trial judge regarding his cross-examination of a police officer pertaining to police practices that were not directly involved in the case. The defendant contends that this subject was a proper one to be explored in a hearing on a motion to suppress. However, the incident now complained of occurred during the trial before the jury and not during a separate hearing. The trial court gave the defendant the opportunity to explore this matter out of the presence of the jury and the defendant chose not to do so.

Affirmed.