PEOPLE v BURNS

WEAPONS—POSSESSION—DEFENSES—LICENSES—BLANK CARTRIDGE PIS-
TOL—BURDEN OF PROOF.

The prosecution need not demonstrate that a defendant did not
have a license to carry a pistol in a case in which possession of
a blank cartridge pistol was charged because a blank cartridge
pistol falls within the ambit of a statute which provides that
"[i]n any prosecution for the violation of any acts of the state
relative to use, licensing and possession of pistols or firearms,
the burden of establishing any exception, excuse, proviso or
exemption contained in any such act shall be upon the defend-
ant but this does not shift the burden of proof for the violation"
(MCLA 750.243[a], 776.20).

Appeal from Recorder's Court of Detroit, Wil-
liam J. Sutherland, J. Submitted Division 1 June
8, 1973, at Detroit. (Docket No. 15573.) Decided
August 30, 1973.

Timothy N. Burns was convicted of possession of
a blank cartridge pistol. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Thomas P.
Smith,* Assistant Prosecuting Attorney, for the
people.

*Keller, Cohn, Downs & Svenson,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 159 *et seq.*

Before: Bronson, P. J., and V. J. Brennan and Walsh,* JJ.

Per Curiam. Defendant was convicted by a judge in the Detroit Recorder's Court of possession of a blank cartridge pistol in violation of MCLA 750.243(a); MSA 28.440(1). That statute provides, in pertinent part:

"Except as otherwise provided by law, no person * * * shall * * * possess, * * * any of the following:
"(a) Any * * * blank cartridge pistol, * * * ."

Defendant's sole allegation of error is that his conviction should be set aside because the prosecution failed to demonstrate that he did not have a license to carry such a pistol.

The defendant's argument is without merit. Statutorily, the prosecution need not establish the defendant's lack of an excuse in firearms cases. The pertinent statute provides:

"In any prosecution for the violation of any acts of the state relative to use, licensing and possession of pistols or firearms, the burden of establishing any exception, excuse, proviso or exemption contained in any such act shall be upon the defendant but this does not shift the burden of proof for the violation." MCLA 776.20; MSA 28.1274(1).

A blank cartridge pistol falls within the ambit of that statute.

Nothing contained herein should be construed as commenting upon the question of whether one who possesses a blank cartridge pistol for a lawful purpose (MCLA 750.243a[2][f]; MSA 28.440[1][2][f]) need acquire a license, or indeed whether the Legislature has even established such a license.

Affirmed.

* Circuit judge, sitting on the Court of Appeals by assignment.