PEOPLE v KREMKO

PEOPLE v SAVCHUCK

1. SEARCHES AND SEIZURES—EVIDENCE.

Evidence obtained in a search of a defendant's person was properly admitted where the search was conducted after the defendant had been placed under arrest by the police.

2. SEARCHES AND SEIZURES—REASONABLENESS—AUTOMOBILES—EVIDENCE.

Different standards of reasonableness apply to a search of an automobile than to a search of a dwelling place and fewer foundational facts are necessary to support a finding of reasonableness; thus the discovery of ammunition by a search of a defendant's person, together with the circumstances of defendant's car parked with its motor running, lights out, and trunk lid partially open, plus the discovery of a police radio in defendant's car, justifiably led the arresting officers to conclude that a weapon might be contained in the car, and a search of the car's interior was not unreasonable.

3. SEARCHES AND SEIZURES—EVIDENCE—AUTOMOBILES—PLAIN VIEW DOCTRINE.

Articles seized from the trunk of a defendant's car were admissible evidence within the plain view doctrine where the trunk lid was partially open and a portion of a shotgun was visible through the opening, leading the police officer to open the trunk whereupon he discovered a pistol and a suitcase containing tools.

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Searches and Seizures § 16.
[2, 3] 68 Am Jur 2d, Searches and Seizures §§ 16, 23, 88.
[4] 21 Am Jur 2d, Criminal Law §§ 349, 353.
[5] 70 Am Jur 2d, Sheriffs, Police, and Constables § 71.
[6] 5 Am Jur 2d, Appeal and Error §§ 545–647.
[7] 5 Am Jur 2d, Appeal and Error §§ 555, 556, 646.
[8–10] 56 Am Jur, Weapons §§ 9–21.

4. CRIMINAL LAW—EVIDENCE—RIGHT TO REMAIN SILENT—APPEAL AND ERROR—HARMLESS ERROR.

Admission of testimony that a defendant exercised his privilege of silence at the time of his arrest was harmless error where the jury already had before it information that the defendant had been referred to as John Doe at the time that he was placed in custody, the jury could infer that defendant gave no information at the time of his arrest, and the prosecutor's questioning did not focus on the defendant's being advised of his rights and his determination to remain silent.

5. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—CHAIN OF CUSTODY.

Alleged deficiencies in the chain of custody go to the weight of the evidence presented, not to its admissibility, where a proper foundation has been laid, the articles are identified as the articles they are purported to be, and are shown to be connected with the crime or with the accused.

6. APPEAL AND ERROR—CONDUCT OF PROSECUTOR—EVIDENCE—PRESERVING QUESTION.

The Court of Appeals is precluded from considering the allegedly improper conduct of the prosecutor during his closing argument and a police officer's allegedly improper reference to portions of nylon stockings as "stocking type masks" where there were no objections raised at trial and these issues are being raised for the first time on appeal.

7. CRIMINAL LAW—APPEAL AND ERROR—EVIDENCE—SUFFICIENCY—PRESERVING QUESTION—MOTION FOR NEW TRIAL.

The Court of Appeals may consider on appeal the allegation that the evidence presented at trial was legally insufficient to establish the essential elements of the crime of which a defendant was convicted even though a motion for a new trial was not made.

8. CRIMINAL LAW—WEAPONS—EVIDENCE—SUFFICIENCY OF EVIDENCE.

Sufficient proof of the element of "carrying" a weapon in a car, in a trial for such an offense, was presented where the testimony showed that the weapons involved were found in a car parked at the side of the street with its motor running and occupied by the defendants.

9. CRIMINAL LAW—WEAPONS—LICENSES—BURDEN OF PROOF.

The prosecution was not required to prove that a defendant who was charged with carrying a weapon in a vehicle did not have a license to carry that weapon (MCLA 776.20).

10. CRIMINAL LAW—EVIDENCE—BURGLARY TOOLS—POSSESSION—ELEMENTS OF OFFENSE.

The elements of the offense of possession of burglary tools were shown where expert testimony was presented as to the use of items similar to those seized from a defendant in the commission of burglaries, and the prosecution also presented all the events which led to the defendant's arrest and the items found subsequent thereto.

Appeal from Wayne, Michael L. Stacey, J. Submitted Division 1 December 4, 1973, at Detroit. (Docket Nos. 15003, 16491.) Decided April 26, 1974. Leave to appeal applied for.

Alexander Kremko and Alex Savchuck were each convicted of possession of burglar's tools and of carrying a concealed weapon. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Division, and *Leonard Meyers* and *Michael R. Mueller,* Assistant Prosecuting Attorneys, for the people.

*Harris, Stein & Hooberman* (by *Marlynn Marcks),* for defendant Kremko.

*Albert Summer,* for defendant Savchuck.

Before: V. J. BRENNAN, P. J., and QUINN and CARLAND,* JJ.

V. J. BRENNAN, P. J. Defendants, Alexander W. Kremko and Alex N. Savchuck, were each convicted by a jury in the Wayne County Circuit Court on one count of possession of burglar's tools (MCLA 750.116; MSA 28.311) and on two counts of

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

carrying a concealed weapon (MCLA 750.227; MSA 28.424). Both defendants now appeal raising several issues for our consideration.

On the night of February 4, 1972, officer Paul Phillips and Sergeant Clarence Bushway of the Lincoln Park Police Department were on patrol in the area of Dix and Reo Streets. These officers were travelling north on Dix when they observed an automobile parked at the side of Reo with its motor running, lights out and trunk partially open. They proceeded to the next intersection, turned right and went down an alley which brought them to Reo Street. Officer Phillips pulled the police car to the side of the street opposite the car they had earlier observed. He then got out of the police car and proceeded toward the parked car when he heard police calls coming from inside of it. He approached the car on the driver's side and saw a bag with two antennas protruding from its top in the rear of the car where the back seat was supposed to be. He also observed a black wire extended from the bag into the front seat. He thereupon placed the two persons in the automobile, the defendants herein, under arrest for possession of an operating police radio in a motor vehicle without a license (MCLA 750.508; MSA 28.776). A pat-down search was then conducted of each defendant and they both were given their *Miranda* warnings. The search of defendant Kremko uncovered only a small flashlight while the search of defendant Savchuck uncovered several shotgun shells and five .38-caliber bullets. The defendants were asked whether they had any guns in the car to go along with the bullets and shells but no response was given. The defendants were handcuffed and placed in the rear seat of the police car. Officer Phillips then went to the defend-

ant's automobile and removed the police radio. He made a search of the interior of the vehicle, including the glove compartment and under the front seats. He found, among other things, some tools, flashlights, gloves and a brown wig. He then went to the rear of the car and observed a "dolly" hanging partially out of the trunk. The trunk lid was tied down with a piece of string or rope but there still was an opening of two feet or more. Through this opening officer Phillips saw, in addition to the dolly, a rolled-up tan rug with the butt of a gun exposed. He thereupon untied the string and removed the dolly and rug. Inside the rug was a loaded 12-gauge shotgun. At this same time officer Phillips also found and removed a .38-caliber pistol and a brown suitcase. The suitcase was found to contain an electric drill and other tools.

Defendants were charged with possession of burglar's tools and with carrying concealed weapons in their automobile. After their preliminary examination, the defendants moved to suppress from evidence all the articles taken after their arrest, except the police radio, on the grounds that they were obtained in violation of their right to be free from unreasonable searches and seizures. U.S. Const Amend IV; Const 1963, Art 1, § 11. The trial court denied defendants' motion and the articles were admitted into evidence at trial over defendants' objection. Defendants were each convicted on all three counts and now bring this appeal.

Defendants first contend that the lower court erred in refusing to suppress all the evidence taken from their person and obtained through a search of their car at the time of their arrest. We disagree. At the time the defendants were personally searched they had been placed under arrest by officer Phillips. This gave the police officers the

right to search the persons of the defendants and any evidence so obtained was lawfully taken and properly admitted at defendants' trial. This search was reasonable and within the permissible limits of the Fourth Amendment. *United States v Robinson,* 414 US 218; 94 S Ct 467; 38 L Ed 2d 427 (1973); *Gustafson v Florida,* 414 US 260; 94 S Ct 488; 38 L Ed 2d 456 (1973). Similarly, the search of defendants at the station house was a proper "inventory" search and the items obtained thereby were properly admitted.

In determining the validity of the search of the automobile it is important to remember that we are guided by a different standard than if we were dealing with the search of a dwelling place. *Cady v Dombrowski,* 413 US 433; 93 S Ct 2523; 37 L Ed 2d 706 (1973); *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973). "Fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved, than if a house or a home were involved." *People v Whalen, supra,* 682; 213 NW2d 121. In the case at bar officer Phillips conducted a search of the interior of the automobile only after the search of defendants' persons uncovered numerous shotgun shells and .38-caliber bullets. The discovery of the shells and bullets, when considered together with the circumstances which first directed the officers' attention to defendants' automobile and the fact that an operating police radio was in the car, led the officers to conclude, and justifiably so, that a weapon might be contained somewhere in the car. Under these circumstances the search of the interior of the car cannot be said to have been unreasonable. See *Cady v Dombrowski, supra.* Accordingly, the evidence so obtained, including that retrieved from the car at the station house, was properly admitted.

The articles seized from the trunk of the car were also properly admitted because they were in plain view of officer Phillips who was in a place he had a legal right to be. *People v Whalen, supra; People v Gray,* 37 Mich App 189; 194 NW2d 545 (1971), *leave den,* 388 Mich 802 (1972). The butt of the shotgun was seen by officer Phillips through the trunk opening. He then untied the rope or string to ·remove the shotgun and discovered the other evidence complained of. The evidence so seized fell within the plain view doctrine and was properly admitted.

Defendant Savchuck vigorously contends that he was denied his constitutional guaranteed rights to a fair trial and due process of law when officer Phillips, in response to a question asked by the prosecutor on redirect examination, stated that defendant Savchuck refused to give any information at the time of his arrest and booking. Defendant Kremko also relies on this alleged error in seeking to have his conviction reversed but quite candidly, and correctly, concedes that this issue may only relate to defendant Savchuck's conviction.

During the course of the prosecutor's redirect examination of officer Phillips the following questioning occurred:

"*Q.* Now, also in response to a question from Mr. Summer that has to do with the transcript from the preliminary examination, you answered a question which had to do with a John Doe; is that correct?

"*A.* Yes, sir.

"*Q.* All right. How did the John Doe business come about?

"*A. At the time of the arrest and booking, the defendant Savchuck refused to give any information.*" (Emphasis added.)

Defendant Savchuck relies on the emphasized portion of the above quote in support of his contention that reversible error was committed.

It is clear, as defendant alleges, that the admission of testimony that a defendant exercised his privilege of silence at the time of his arrest is reversible error unless such testimony was elicited to impeach the defendants' inconsistent statements at trial or unless the error can be said to have been harmless beyond a reasonable doubt. *People v Miller,* 49 Mich App 53; 211 NW2d 242 (1973); *People v Severance,* 43 Mich App 394; 204 NW2d 357 (1972), *leave den,* 389 Mich 758 (1972); *People v Jablonski,* 38 Mich App 33; 195 NW2d 777 (1972). In the case at bar defendant did not testify in his own behalf so it cannot be claimed that this testimony was given to impeach a prior inconsistent statement of defendant. It is claimed, however, that the error here complained of was harmless beyond a reasonable doubt. We agree. When defendant Savchuck's attorney was questioning officer Phillips concerning testimony he had given at the preliminary examination, it was brought out that the officers initially referred to defendant Savchuck as John Doe. On redirect the prosecutor, apparently believing that the jury might infer that the arresting officers were unsure of defendant's identity, sought from officer Phillips clarification on this point. It was at this point that the impermissible answer was given. The jury already had before it, however, information from which it could infer that defendant gave no information at the time of his arrest. In fact this is the only logical inference that the jury could have drawn from the fact that the officers referred to Savchuck as John Doe at the time he was in custody. The prosecutor's questioning of the police officer at the

time this answer was given did not focus on the defendants being advised of their rights and defendant Savchuck's subsequent determination to remain silent. Under these circumstances we are convinced that the error which here occurred was harmless beyond a reasonable doubt.

Defendants next argue that the lower court committed reversible error by admitting into evidence two nylon stockings, which were clipped and tied at one end, because the prosecution failed to establish an unbroken chain of custody. We find no error. In *People v Burrell,* 21 Mich App 451; 175 NW2d 513 (1970), *leave den,* 383 Mich 807 (1970), this Court, quoting from 22A CJS, Criminal Law, § 709, pp 949–951, set forth the appropriate rule to be followed in a case such as this:

"To justify their admission, a proper foundation must be laid, and such articles must be identified as the articles they are purported to be, and shown to be connected with the crime or with accused; however, such identification is not required to be positive, absolute, certain, or wholly unqualified, and where there is some evidence for this purpose, objections to its sufficiency go to the weight rather than to the admissibility of the articles in question."

A proper foundation for the admission of the items complained of on this appeal was laid through the testimony of officer Phillips and Sergeant Bushway. The claimed deficiencies in the procedure by which the officers sought to preserve these items of evidence for trial, therefore, go to the weight such evidence is to be accorded and not to its admissibility. *People v Kozlow,* 38 Mich App 517; 196 NW2d 792 (1972), *leave den,* 387 Mich 798 (1972); *People v Stanley Mitchell,* 37 Mich App 351; 194 NW2d 514 (1971), *leave den,* 387 Mich 751 (1972).

Complaint is also made of the conduct of the

prosecutor during his closing argument and of Sergeant Bushway's reference to the portions of nylon stockings as "stocking type masks." No objection was raised during the trial either to the conduct of the prosecutor or to the statements of Sergeant Bushway. Accordingly, we are precluded from considering the issues now sought to be raised for the first time on appeal. *People v Wright,* 41 Mich App 518; 200 NW2d 362 (1972); *People v Robert Lee,* 40 Mich App 239; 198 NW2d 818 (1972), *leave den,* 387 Mich 795 (1972). Defendants also argue that the testimony of Sergeant Bushway and Detective Mitchell were prejudicial and inflammatory but refer us to no page of the transcript and cite no authority in support of the arguments they make. We have carefully read the full testimony of both witnesses and find no error requiring reversal.

Defendants next assert that the evidence presented at trial was legally insufficient to establish the essential elements of the crimes for which they were convicted. Although no motion for a new trial was made, we are not precluded from considering defendants' arguments on this appeal. *People v Wright,* 44 Mich App 111; 205 NW2d 62 (1972); *People v Jimmie Ragland,* 34 Mich App 673; 192 NW2d 73 (1971). Defendants are not arguing that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt, thus attacking the weight of the evidence, but, rather, are arguing that the essential elements of the crimes were not proved.

In attacking their convictions for carrying concealed weapons defendants maintain that the elements of the offense were not proven because there was no testimony presented establishing that the pistol or shotgun was "carried" in the car. We

disagree. Testimony was presented which showed that the shotgun and pistol were found in a car parked at the side of the street with its motor running and occupied by defendants. It is clear, therefore, that sufficient proof on this point was presented.

Defendants also seek to have their convictions for carrying concealed weapons set aside because the prosecution failed to present any evidence establishing that defendants were not licensed to carry a concealed weapon. This contention is without merit. In addition to the fact that the prosecution is not required to prove such lack of excuse, MCLA 776.20; MSA 28.1274(1); *People v Burns,* 49 Mich App 351; 212 NW2d 37 (1973), it appears from the record in the case at bar that the attorneys for both defendant Kremko and defendant Savchuck stipulated, at trial and in the presence of the jury, that the defendants herein did not possess a license to carry a concealed weapon at the time of this offense. The verdict of the jury cannot now be attacked on the ground here urged.

Defendants' challenge to their conviction for possession of burglary tools is premised upon their assertion that the evidence presented at trial merely showed "naked possession" of these tools. They argue that the elements of this offense simply were not proved. We disagree. At the trial expert testimony was presented as to the use of items, similar to those seized from the defendants, in the commission of burglaries. The prosecution also presented all the events which led to the defendants' arrest and the items found subsequent thereto. When considered together, sufficient evidence was presented at trial on the elements of this offense as spelled out in *People v Dorrington,* 221 Mich 571; 191 NW 831 (1923). See *People v*

*Murphy,* 28 Mich App 150; 184 NW2d 256 (1970), *leave den,* 384 Mich 807 (1971); *People v Charles,* 25 Mich App 191; 181 NW2d 50 (1970).

Finally, we have closely examined the record in the case at bar and considered the defendants' remaining assignments of error. No error warranting or requiring reversal of these defendants' convictions has been disclosed.

Convictions affirmed.

All concurred.