PEOPLE v. HAUGABOOK

1. KIDNAPPING—ASSAULT AND BATTERY—IDENTIFICATION.

Circumstantial evidence from which the jury could infer that defendants kidnapped and assaulted complainant with intent to do great bodily harm less than murder was sufficient to sustain a guilty verdict even though complainant could not positively identify the defendants as the perpetrators and the defense was alibi; the Court of Appeals, not being the trier of fact, will not reverse a guilty verdict based on conflicting evidence.

2. APPEAL AND ERROR—RECORD—ABSENCE OF TRANSCRIPT.

Absence of a transcript of the impaneling and swearing in of the jury from the record on appeal makes it impossible for the Court of Appeals to determine whether the jury was instructed that they should not discuss the case among themselves, or with anyone else, or read newspaper accounts of the trial.

3. TRIAL—JURY—DISCUSSION OF CASE—FAILURE TO ADMONISH—PREJUDICE.

Failure of a trial judge to remind the jury not to discuss the case does not require reversal absent a showing of prejudice.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 821.
 30 Am Jur 2d, Evidence §§ 266, 1082.
[2] 4 Am Jur 2d, Appeal and Error § 404.
 5 Am Jur 2d, Appeal and Error § 623.
[3] 53 Am Jur, Trial § 610 et seq.
[4] 21 Am Jur 2d, Criminal Law § 236.
[5] 53 Am Jur, Trial § 996.
[6] 58 Am Jur, Witnesses § 767 et seq.

4. TRIAL—JURY—NEWSPAPERS—READING—PREJUDICE.

A brief, noninflammatory newspaper article attached to a defendant's brief on appeal did not by itself constitute a showing that defendant was prejudiced by the jury's alleged reading of newspaper accounts of his trial.

5. TRIAL — MISTRIAL — WITNESSES — PRIOR ARRESTS — OBJECTIONS — PROSECUTOR'S CONDUCT.

Defendant was not entitled to a mistrial because the prosecutor asked one of the defense witnesses "What else have you been in trouble for?" and "Have you been arrested and how many times Mr. Griffin?", where the trial court sustained objections to those questions, no answers were given by the witness, and the prosecutor thereafter refrained from pursuing that line of questioning.

6. TRIAL—RETRIAL—CRIMINAL LAW—FAILURE TO PROVE—TRANSCRIPT OF ORIGINAL TRIAL.

Trial judge's failure to order a transcript of a police officer's testimony at defendant's previous trial to be used for impeachment purposes during defendant's retrial was not reversible error where defense counsel did not request transcription before the retrial, since the court was not compelled to interrupt defendant's retrial to procure it.

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 April 10, 1970, at Lansing. (Docket No. 6,777.) Decided April 27, 1970. Leave to appeal denied July 1, 1970. 383 Mich 801.

Jeffery Haugabook and David C. Huntley were convicted of kidnapping and of assault with intent to do great bodily harm less than murder. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Carl Levin* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendants on appeal.

Before: McGregor, P. J., and Danhof and Larnard,* JJ.

Danhof, J. In July, 1965 defendants were convicted by a jury of kidnapping, CL 1948, § 750.349 (Stat Ann 1954 Rev § 28.581), and assault with intent to do great bodily harm less than murder, CL 1948, § 750.84 (Stat Ann 1962 Rev § 28.279). Their motion for a new trial was denied in October, 1968.

Defendants argue that as a matter of law there was insufficient evidence to sustain their convictions. Their defense was alibi and they claim that there was insufficient evidence to establish their identity as the perpetrators of the crimes. While it is true that the complainant could not positively identify the defendants, the record contains ample circumstantial evidence from which the jury could infer that the defendants were the persons who committed the offenses and were guilty beyond all reasonable doubt. This Court does not determine facts and a verdict based on conflicting evidence will not be reversed on appeal. *People* v. *Bratton* (1969), 20 Mich App 523.

Defendants also contend that the court committed reversible error when it failed to instruct the jury during the lengthy trial, which included one long recess, that they should not discuss the case among themselves, or with anyone else, or read newspaper accounts of the trial. No transcript of the impaneling and swearing in of the jury has been made a part of the record on appeal. Thus, we are unable to determine whether or not the jury was given those instructions at that time. While prudence would dictate that the trial judge should remind the jury not to discuss the case, failure to do so does not re-

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

quire reversal absent a showing of prejudice. *People* v. *McIntosh* (1967), 6 Mich App 62. The brief, noninflammatory newspaper article attached to defendants' brief does not by itself constitute a showing of prejudice.

Defendant Haugabook urges that the trial court erred in failing to grant him a mistrial when one of his witnesses was asked, "What else have you been in trouble for?" and "Have you been arrested and how many times Mr. Griffin?" The trial court sustained objections to both of these questions and neither of them was answered. Defendant's reliance on *People* v. *Brocato* (1969), 17 Mich App 277, is misplaced because that case concerned a defendant being asked about prior arrests and the opinion distinguishes that situation from the ones in *People* v. *MacCullough* (1937), 281 Mich 15, and *People* v. *Miniear* (1967), 8 Mich App 591, which concerned witnesses. Additionally we do not find that the prosecutor's conduct in the present case was improper as it was found to be in the *Brocato* case.

The final argument is that the trial court erred in not ordering the transcription of the testimony of one of the officers at the prior trial which resulted in a hung jury. Defendant Haugabook's counsel wanted it for purposes of impeachment. This Court held in *People* v. *Burrell* (1970), 21 Mich App 451 that the trial judge did not abuse his discretion in refusing to interrupt the trial so that the defendant could secure a transcript of the testimony of two police officers for impeachment purposes. In the present case defense counsel did not ask for the transcript prior to the trial. We hold that no reversible error occurred.

Affirmed.

All concurred.