PEOPLE *v.* OLIVER

1. CRIMINAL LAW — TRANSCRIPTS — TRIAL — INTERRUPTION — DISCRETION.

   Refusal to interrupt a trial to order a transcript for the defendant is not necessarily an abuse of discretion.

2. CRIMINAL LAW—TRANSCRIPT—TIMELINESS.

   A defendant must timely ascertain what portion of his previous trial transcript he needs for his new trial and offer substantial reasons for that need.

3. CRIMINAL LAW—TRANSCRIPT—TIMELY REQUEST—DISCRETION.

   Refusal to provide an indigent defendant with a transcript of his first trial so that he could use it for impeachment purposes during his retrial was not reversible error where defense counsel did not request a copy of the transcript until the second trial was in progress.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 404 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 233.
[4] 39 Am Jur, New Trial § 38.

4. CRIMINAL LAW—RES GESTAE WITNESSES—UNCALLED WITNESSES—
   INSTRUCTION TO JURY.

   Failure to instruct the jury on alleged missing *res gestae* witness
   was not error where the alleged *res gestae* witnesses were not
   indorsed on the information, the people claimed that the wit-
   nesses were unknown, there was no evidence that the witnesses,
   who supposedly came to the scene of the crime, were *res gestae*
   witnesses, no motion was made prior to trial that the witnesses
   be indorsed, and no motion was made for the court to instruct
   the jury that the testimony of the witnesses would have been
   adverse to the people's case.

Appeal from Wayne, Theodore R. Bohn, J. Sub-
mitted Division 1 October 16, 1970, at Marquette.
(Docket No. 6983.) Decided January 18, 1971.
Leave to appeal denied June 29, 1971. 385 Mich 758.

Daniel Oliver was convicted of robbery unarmed.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Gerard A. Poehl-
man,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid
and Defender Association of Detroit), for defendant
on appeal.

Before: FITZGERALD, P. J., and McGREGOR and
O'HARA,* JJ.

McGREGOR, J. Defendant Daniel Oliver was orig-
inally tried for robbery unarmed, MCLA § 750.530
(Stat Ann 1954 Rev § 28.798), in February 1968.
The first trial ended in a mistrial when the jury
could not agree on a verdict. At the second trial,

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

defendant was convicted and sentenced to 10 to 15 years in prison. Defendant appeals his conviction.

On July 22, 1967, at 3 a.m. in the City of Highland Park, the complaining witness was attacked and robbed by a man whom she identified as the defendant. She testified that he threw a sweater over her head, knocked her down, dragged her toward an alley, and started to tear her clothing off; that when she screamed, she was beaten; and that she fired a small tear-gun at her assailant at which time he grabbed her purse and fled. Policemen in a patrol car arrived at the scene and after hearing the complaining witness's story, drove with her a few hundred feet, where they encountered the defendant. He was identified by the complaining witness as her attacker. A search of the defendant revealed certain personal effects which had been taken from the victim's purse a few moments before.

Defendant, an indigent, contends that he was denied equal protection of the laws, when he was refused a transcript of the testimony from his first trial. During the second trial, and for the first time, defendant's attorney sought a copy of the transcript of the first trial for use in an attempt to impeach a prosecution witness. The court denied defendant's motion.

Our Court in the past has held that a trial judge does not necessarily abuse his discretion in refusing to interrupt a trial to order a transcript, as was done in the instant case. *People* v. *Burrell* (1970), 21 Mich App 451; *People* v. *Haugabook* (1970), 23 Mich App 356. We have stated that it is incumbent upon the defendant timely to ascertain that portion of the transcript needed and to offer substantial reasons for its need. *People* v. *Burrell, supra,* p 458. See *United States ex rel. Wilson* v. *McMann* (CA 2, 1969), 408 F2d 896.

Defendant also contends that the trial court erred in failing to instruct the jury on their function relevant to the missing *res gestae* witnesses, citing *People* v. *Barker* (1969), 18 Mich App 544.

In the instant case, these alleged *res gestae* witnesses were not indorsed on the information and the people claim that they were unknown. Furthermore, there is nothing in the record to establish that the unidentified men who came to the scene of the crime were *res gestae* witnesses. There is no evidence that they witnessed the attack or that they could identify the assailant. No motion was made prior to trial that these men be indorsed nor was there any motion made by defendant for the court to instruct the jury that the testimony of such witnesses would have been adverse to the people's case. *People* v. *Ivy* (1968), 11 Mich App 427, 430, 431. No error was committed.

Defendant's mere allegation that he was denied the right to have the court use compulsory process to obtain witnesses in his behalf is devoid of merit, especially in view of no request ever having been made. US Const, Am 6; Mich Const 1963, art I, § 20.

Defendant's final claim of error stems from the remarks made by the prosecutor in making his final argument to the jury. This Court notes that no objection was made by the defendant to the people's argument to the jury and that, furthermore, a review of the remarks made indicates that such error, if any, was harmless. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096).

After a careful consideration of the records, briefs, and appellate oral argument, we find no reversible error.

Conviction affirmed.

All concurred.