PEOPLE v MOORE

Docket No. 55763. Argued January 7, 1976 (Calendar No. 1).—Decided
January 27, 1976.

Allen I. Moore was convicted in Wayne Circuit Court, George T.
Martin, J., of manslaughter in the operation of a motor vehicle.
The Court of Appeals, Lesinski, C. J., and Fitzgerald and Car-
land, JJ., affirmed in a per curiam opinion (Docket No. 15233).
Defendant appeals, asserting that evidence as to intoxication
should not be admitted unless the defendant was offered a
Breathalyzer test. *Held:*

On the record presented, there is no cause for creation of
such an exclusionary rule, and there was no error in admitting
evidence concerning intoxication.

Conviction affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*Craig, Farber & Stein, P. C.,* for defendant.

PER CURIAM. A jury convicted Allen Ian Moore of manslaughter in the operation of a motor vehicle, MCLA 750.321; MSA 28.553, and he was sentenced to 1 to 15 years in prison. The Court of Appeals affirmed in an unpublished per curiam opinion. We also affirm.

The prosecution's proofs indicated that defendant, while under the influence of alcohol, was driving in an incorrect lane at night without lights when he struck another automobile and caused a death. Defendant's proofs indicated he had not

been drinking and that he was driving in the correct lane with his lights on when the other automobile swerved into his lane. The jury accepted the prosecution's proofs, and no issue now is raised concerning sufficiency of evidence.

Appellant's first contention is that the conviction should be reversed because of improper cross-examination of him when he testified. Trial defense counsel posed no objection to the cross-examination in point. As found in the Court of Appeals analysis of this issue, neither *People v Eddington,* 387 Mich 551; 198 NW2d 297 (1972), nor *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973), require reversal of the instant conviction.

Appellant's final issue, one of first impression in this Court, asks the creation of an exclusionary rule, namely, a rule forbidding police officers to testify as to evidence of intoxication unless a Breathalyzer test is offered to a defendant suspected of having caused death in an automobile accident. The police in this case said they offered no Breathalyzer test because they had not observed defendant actually driving his car. In addition, there was testimony that defendant would have been allowed to take a Breathalyzer test if he had requested one. We perceive no cause for judicial creation of an exclusionary rule on this record and perceive no error in allowing into this record the evidence concerning intoxication.

Conviction affirmed and bond canceled.


KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, LINDEMER, and RYAN, JJ., concurred.


FITZGERALD, J., took no part in the decision of this case.