## PEOPLE v MONROE

Docket No. 30125. Submitted April 21, 1978, at Detroit.—Decided June 21, 1978.

Norman E. Monroe was convicted of armed robbery in St. Clair Circuit Court, Halford I. Streeter, J. Defendant appeals. *Held:*

1. The trial court committed reversible error by instructing the jury that they could discuss the case among themselves during the course of the trial.

2. Testimony concerning the circumstances of a defendant's arrest on another charge were irrelevant and potentially prejudicial and should not have been admitted.

3. A witness who allegedly had seen the perpetrator fleeing the scene of the crime and who testified at a *Robinson* hearing that he could have identified the perpetrator of an armed robbery a month after the incident, but that the passing of two years precluded present identification is a res gestae witness who should have been indorsed and produced by the prosecution.

Reversed.

1. TRIAL—INSTRUCTIONS TO JURY—DISCUSSION AMONG JURORS—ERROR.

An instruction that the jury is permitted to discuss the case among themselves during the course of a criminal trial is reversible error.

2. CRIMINAL LAW—EVIDENCE—SEARCHES AND SEIZURES—OTHER BAD ACTS—ADMISSIBILITY.

A police officer's testimony concerning the fact of an arrest on another charge and search and seizure of certain evidence linking defendant with the crime charged is admissible to establish a foundation for the evidence seized; however the officer's testimony relating the details of the arrest which

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 623.
[2] 29 Am Jur 2d, Evidence §§ 252, 253.
[3] 81 Am Jur 2d, Witnesses § 324.

depicts defendant as a violent and assaultive person is irrelevant, potentially prejudicial and should not be admitted.

3. WITNESSES—CRIMINAL LAW—RES GESTAE—PRODUCTION.

A witness who allegedly had seen the perpetrator fleeing the scene of the crime and who testified at a *Robinson* hearing that he could have identified the perpetrator of an armed robbery a month after the incident but that the passing of two years precluded present identification is a res gestae witness who should have been indorsed and produced by the prosecution.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Marshall S. Redman,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. F. WALSH, P. J., and D. E. HOLBROOK and R. M. MAHER, JJ.

PER CURIAM. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and sentenced to 10 to 40 years imprisonment. He appeals as of right, raising three issues:

(1) Did the trial court commit reversible error by instructing the jury at the beginning of the trial that they were not to discuss the case with anyone "except one another"?

(2) Did the trial court err by failing to exclude testimony concerning the circumstances of the defendant's arrest on another charge?

(3) Did the prosecutor exercise due diligence in attempting to discover, endorse and produce a res gestae witness?

Immediately after the jury was sworn, the trial court gave the following instruction:

"THE COURT; Ladies and gentlemen who have been

selected to hear this case, you have already been advised pretty much as to what is involved. *Throughout the case do not discuss it with anybody except one another.* Don't allow anybody to talk to you about it. If anybody endeavors to talk to you about it, advise me. Keep it off your mind until you're here together, because you're going to decide this together. Neither the lawyers nor myself will talk with you throughout the trial because we know we shouldn't until your verdict is received." (Emphasis added.)

During the trial no cautionary instructions were given advising the jury not to discuss the case until beginning their deliberations. Defendant argues that the trial court invited the jury to discuss the case among themselves without the benefit of counsels' arguments and the guidance of the trial court's instructions on the law, thereby depriving him of a fair and impartial jury. We agree and reverse his conviction.

In *People v Hunter,* 370 Mich 262; 121 NW2d 442 (1963), a unanimous Supreme Court forcefully condemned an instruction permitting the jury to discuss the case among themselves during the course of the trial.[1] A panel of this Court recently

---

[1] The most fundamental prejudice arising from premature discussion by the jury is illustrated by the following passage from *People v Hunter:*

"Under the court's admonition the jurors were warranted as a result of discussion among themselves, either in small groups or large ones, to form opinions so long as such opinions were not so absolutely fixed that they would 'prevent you from changing after you had heard all of the evidence in the case.' Such an opinion of necessity could result from a discussion of only a part of the evidence, the evidence not having all been submitted. Such an opinion once formed could only be removed, if at all, by evidence. This in effect shifted the burden of proof and placed upon the defendants the burden of changing by evidence the opinion thus formed. A juror having in discussion not only formed but expressed his view as to the guilt or innocence of the defendant, his inclination thereafter would be to give special attention to such testimony as to his mind strengthened, confirmed or vindicated the views which he had already expressed to his fellow jurors, whereas, had there been no discussion and no

held such an instruction reversible error. *People v Blondia,* 69 Mich App 554; 245 NW2d 130 (1976).[2] Precedent and sound judicial policy mandate the same result in the case before us.

We discuss the remaining allegations of error insofar as they are likely to recur on retrial.

During the prosecution's presentation a police officer testified that he arrested the defendant on another charge, at which time he discovered certain evidence linking the defendant to the armed robbery. In the course of that testimony the officer related the details of the arrest which depicted the defendant as a violent and assaultive person.

All concede that testimony concerning the fact of the arrest and search incident thereto were necessary to establish a foundation for the introduction of the evidence seized. The testimony describing the details of arrest was irrelevant and potentially prejudicial and should not have been admitted. See, *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978).

Pursuant to an order of this Court a *Robinson* hearing was held concerning three witnesses who allegedly had seen the perpetrator fleeing the scene of the crime. At the hearing two of the witnesses testified that they could not have identified the man whom they saw. However, Mr. Emerich, the third witness, testified that he could have identified the man a month after the incident, but

expression of tentative opinion, he would not be confronted with embarrassment before his fellow jurors should he change the tentative opinion which he might entertain from hearing evidence." *People v Hunter,* 370 Mich 262, 271; 121 NW2d 442 (1963), quoting *Winebrenner v United States,* 147 F2d 322 (CA 8, 1945).

[2] In *People v Blondia,* 69 Mich App 554; 245 NW2d 130 (1976), the appellate Court assumed that having been invited to do so the jurors did in fact discuss testimony during the course of the trial. Where, as in the instant case, the jurors had an opportunity to discuss the case during trial, we consider the assumption sound.

that the passing of two years precluded any present identification.

Contrary to the trial court's ruling at the *Robinson* hearing, Mr. Emerich was a res gestae witness. *People v Castelli,* 370 Mich 147; 121 NW2d 438 (1963), *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973).[3] On remand, the trial court shall hold an evidentiary hearing to determine whether the prosecutor exercised due diligence in attempting to discover the witness.[4] If it is determined that the prosecution failed to employ due diligence to locate the witness in time to preserve his evidence, the Court shall inform the jury as to the nature of the lost testimony and instruct them that they may infer that his testimony would have been favorable to the defendant. See, *People v Gordon,* 60 Mich App 412; 231 NW2d 409 (1975), *People v Barker,* 18 Mich App 544; 171 NW2d 574 (1969).

Reversed.

[3] The trial court's ruling that Mr. Emerich was not a res gestae witness because he did not have sufficient opportunity to observe the perpetrator was directly contrary to Mr. Emerich's testimony. As such, it was necessarily premised upon the court's disbelief of the witness's testimony. However, the production of a res gestae witness is not excused because of the trial court's view of his credibility. *See, People v Blazenzitz,* 212 Mich 675; 180 NW 370 (1920); *cf. People v Castelli,* 370 Mich 147; 121 NW2d 438 (1963).

[4] The trial court made no findings concerning due diligence at the *Robinson* hearing.