PEOPLE v KEMP

Docket No. 78-3803. Submitted December 5, 1979, at Detroit.—Decided March 7, 1980.

Defendant, Edward R. Kemp, was convicted in Wayne Circuit Court of knowingly or intentionally possessing cocaine, Peter B. Spivak, J. Defendant appeals, alleging that the trial judge improperly admitted evidence without a proper foundation first being laid. Specifically, defendant points to substantial defects in the chain of custody of the evidence. The arresting officers could not positively identify the evidence which was admitted by the trial judge nor could they prove that the condition of the evidence was substantially unchanged. Defendant also claims the trial court committed error by admitting into evidence a statement that the defendant made wherein he stated that he knew he had cocaine in his possession. *Held:*

1. Breaks in the chain of custody do not automatically require exclusion of the proffered evidence. To be admissible, the prosecution must merely lay a foundation identifying the articles as what they are purported to be and showing that they are connected with the crime or the accused. When offering real evidence, an adequate foundation for admission requires testimony that the object offered is the object which was involved in the incident, and further, that the condition of the object is substantially unchanged. The prosecution in this case failed to establish an adequate foundation.

2. The trial court weighed carefully all the testimony at the *Walker* hearing before determining that defendant had waived his *Miranda* rights. Thus, no error was committed by admitting into evidence defendant's statement that he knew he had cocaine in his possession.

Reversed and remanded.

CRIMINAL LAW — EVIDENCE — ADMISSIBILITY — FOUNDATION.

A break in the chain of custody does not automatically require exclusion of proffered evidence; the evidence is admissible if a foundation is first laid which identifies the article as what it is

REFERENCE FOR POINTS IN HEADNOTE
[1] 29 Am Jur 2d, Evidence § 774.

purported to be and showing that it is connected with the crime or the accused and that the condition of the article is substantially unchanged, taking into consideration the nature of the article, the circumstances surrounding the preservation and custody of it, and the possibility that the article may have been tampered with.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Daniel Burress,* for defendant.

Before: B. B. MacKenzie, P.J., and V. J. Brennan and D. F. Walsh, JJ.

Per Curiam. Defendant, Edward Russell Kemp, was charged with knowingly or intentionally possessing a controlled substance, .351 grams of powder containing cocaine, MCL 335.341(4)(b); MSA 18.1070(41)(4)(b). A jury found him guilty as charged on May 11, 1978. He was sentenced to three years probation and appeals as of right.

At about 2:40 a.m. on January 20, 1978, Livonia Police Officers Ronald Kugler and Michael Bremenour were on routine patrol in a marked police car when they stopped a car driven by defendant for straddling lanes. Christopher Tague was also occupying the car. Officer Bremenour approached the vehicle on the driver's side while Officer Kugler approached on the passenger's side. In the course of requesting a driver's license and registration, Kugler noticed a plastic bag containing suspected marijuana in the glove compartment which defendant had opened. Officer Kugler opened the passenger door, requested Tague and the defendant to step out, placed both under arrest, and

confiscated from the glove compartment the plastic bag and a clear glass vial with a white plastic cap containing a short piece of a plastic straw with white substance on the inside of the glass. Bremenour searched the defendant and found an amber-colored vial containing white powder with a small silver spoon attached to its wooden cap.

Over objections of defense counsel, the amber vial and its contents were admitted into evidence. On appeal, defendant challenges this ruling, arguing that the prosecutor did not lay an adequate foundation for the admission of the amber vial. Specifically, defendant points to substantial defects in the chain of custody. We find defendant's allegation of error well-taken.

There was substantial inconsistency between the officers' trial testimony and that taken at the preliminary examination. At trial, Officer Kugler identified the amber vial as one that Officer Bremenour had shown him at the time of defendant's arrest. He stated that he had put his initials on the bottle's cap, and, indeed, the bottle cap did contain Kugler's initials. Officer Kugler further stated that he sealed the evidence bag into which the amber vial and its contents were placed and gave it to Officer Bremenour who deposited it in the evidence bin. This contradicted his preliminary examination testimony that he, not Officer Bremenour, put the lock-seal bag into the evidence bin.

At the preliminary examination, Officer Bremenour stated that the vial was clear and that he initialed it before sealing it in the evidence bag which he then deposited in the evidence bin. When the lock-seal envelope was later opened at the preliminary examination, the vial contained therein was amber and did not contain this offi-

cer's initials. At trial, however, Bremenour testified differently. He identified the amber vial as the one he seized from defendant's vest pocket and stated that he had initialed both the bottle and the cap. In fact, Officer Bremenour's initials only appeared on the wooden cap. The vial itself bore no indication of any previous markings. He stated that Officer Kugler had sealed the lock-seal evidence bag containing the vial but he (Bremenour) deposited it in the evidence bin. When the inconsistencies between the trial and preliminary examination testimony were pointed out, Officer Bremenour admitted that he was "mixed up", and didn't know who sealed the bag.

During cross-examination Bremenour admitted that at the time of the original arrest he observed the vial which he seized, saw it again in the police car and saw it again in the police station and that these observations formed the basis of his testimony but that he changed his testimony after opening the envelope at the preliminary examination. Since the vial bore none of Officer Bremenour's markings, nor any identifying date, Bremenour admitted that he was unable to say whether it was the same bottle he had seized.

Livonia Police Officer John Hoye testified that the day after defendant's arrest he opened the evidence bag, removed a clear amber vial with a silver spoon attached to its wooden cap, a clear white vial and a bag containing suspected marijuana. He then opened the amber vial, conducted a fluid test on a small portion of the substance contained therein, and returned the evidence to the evidence bag which he then placed in his evidence locker. There is no indication that Officer Hoye resealed the bag.

Officer Hoye further testified that on January

24, 1978, he removed the evidence bag from his evidence locker, withdrew all of the evidence .except the vial, resealed the evidence bag and gave it to Dr. Donald Plautz, a chemist employed by the Michigan State Police Crime Lab. Officer Hoye then put the other seized evidence into his evidence locker and subsequently delivered it to the crime lab on February 8, 1978.

On January 24, 1978, Dr. Plautz conducted tests on the evidence he had received. He testified that he did not observe any ink marks on the vial and that the evidence bag was taped· secure and did not appear to have been opened after it was so taped. Along with the amber vial, Dr. Plautz was also given evidence pertaining to two other cases. Although he usually did the work in the order received, Dr. Plautz acceded to Hoye's request and proceeded to analyze and return the evidence as soon as possible. Following his analysis, the evidence was placed in a State Police lock-seal evelope.

Breaks in the chain of custody do npt automatically require exclusion of the proffered evidence. To be admissible, the prosecution must merely lay a foundation identifying the articles as what they are purported to be and showing that they are connected with the crime or the accused. *People v Kremko,* 52 Mich App 565, 573; 218 NW2d 112 (1974), *People v Burrell,* 21 Mich App 451, 456-457; 175 NW2d 513 (1970), and *People v Stevens,* 88 Mich App 421, 424; 276 NW2d 910 (1979).

When offering real evidence, such as the amber vial at issue here, an adequate foundation for admission requires "testimony first that the object offered is *the* object which was involved in the incident, and further that the *condition* of the object is substantially unchanged", *People v*

*Beamon,* 50 Mich App 395, 398; 213 NW2d 314 (1973), citing McCormick, Evidence (2d ed), § 212, p 527. Those facts to be considered in making this determination include the nature of the article, the circumstances surrounding the preservation and custody of it, and the possibility of intermeddlers tampering with it. If, after considering such factors, the trial judge is reasonably satisfied that the article is the object involved in the incident or has not been changed in important respects, he may permit its introduction into evidence. *Beamon, supra,* 398-399.

Applying these principles, our review of the present record indicates insufficient foundation testimony to support admission of the vial. Officer Bremenour first testified that the confiscated vial was clear but changed his testimony when, at the preliminary examination, the vial turned out to be amber-colored. Although there was testimony that the vial had been initialed, no such markings nor any indication that the vial had been so marked were apparent. Thus there was testimony that, if the amber vial was the one confiscated, it was not in the same condition at trial as when taken from the defendant at the scene. Admission of the amber vial without proper foundation was error.

Defendant also says the trial court committed error when it admitted into evidence defendant's statement concerning his knowledge that the substance in the vial was cocaine. Our review of the record indicates the trial court weighed carefully all the testimony at the *Walker*[1] hearing before determining that defendant had waived his *Miranda*[2] rights. We find no error in this finding.

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

Reversed and remanded for reasons above set forth.