## PEOPLE v JENNINGS

Docket No. 59174. Submitted June 4, 1982, at Lansing.—Decided July 20, 1982. Leave to appeal applied for.

Defendant, Michael Jennings, also known as William Michael Jennings, was convicted by a jury in the Macomb Circuit Court, Robert J. Chrzanowski, J., of armed robbery. On appeal, defendant alleges that the trial court abused its discretion by admitting into evidence a broken glass bottle which was allegedly smashed on the head of a grocery store employee during the armed robbery of which defendant was convicted. *Held:*

1. The prosecutor established an adequate foundation for the admission of the broken bottle.

2. In permitting the introduction of the broken bottle into evidence, the trial court did not abuse its discretion for, among other things, complainant unequivocally identified the bottle as the weapon, and the bottle was in a substantially unchanged condition.

3. The alleged deficiencies in the procedure used by the police in collecting and preserving the evidence go to the weight afforded to the evidence, rather than its admissibility, inasmuch as a proper foundation for the admission of the article was laid.

4. No vital link is missing in the chain of custody of the object, nor does any sign of tampering with the evidence appear on the record.

Affirmed.

1. Evidence — Chain of Custody.

A break in the chain of custody does not automatically require exclusion of proffered evidence.

2. Evidence — Criminal Law — Real Evidence.

A prosecutor must lay a foundation identifying items of real evidence as what they are purported to be and displaying that

References for Points in Headnotes

[1, 2, 4] 29 Am Jur 2d, Evidence § 774.
[3] [No reference]

the items are connected with the accused or the crime in order to obtain the admission of such real evidence.

3. EVIDENCE — CRIMINAL LAW — PRESERVING EVIDENCE.
   Alleged deficiencies in the procedure used by the police in collecting and preserving evidence go to the weight to be afforded to the evidence rather than to admissibility where a proper foundation for the admission of the evidence has been laid.

4. EVIDENCE — CRIMINAL LAW — CHAIN OF CUSTODY — TAMPERING WITH EVIDENCE.
   A trial court does not abuse its discretion in admitting evidence in a defendant's trial although there are alleged deficiencies in the procedure used by the police in collecting and preserving the evidence where a proper foundation for the admission of the evidence was laid, where there are no vital links missing in the chain of custody of the evidence and where there are no signs of any tampering with the evidence appearing on the record.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Alice F. Sage,* for the people.

*Elbert L. Hatchett,* for defendant.

Before: DANHOF, C.J., and BEASLEY and J. P. SWALLOW,* JJ.

PER CURIAM. On October 17, 1980, defendant, Michael Jennings, also known as William Michael Jennings, was convicted by a jury, as charged, of armed robbery, in violation of MCL 750.529; MSA 28.797. After being sentenced to not less than 5 years nor more than 20 years in prison, defendant appeals as of right.

The conviction arises from an incident at a St. Clair Shores grocery store on the evening of March 22, 1980, where the proprietor and his sole

---

* Circuit judge, sitting on the Court of Appeals by assignment.

employee, while in the process of closing the establishment, were confronted by two masked men, one of whom was carrying a stick. The proprietor's employee, who was at the cash register, was approached by the taller of the two men. As she attempted to escape from him, the man smashed a green colored glass bottle on her head. Thereupon, her assailant removed all of the money contained in the cash register and fled from the building.

Investigation revealed that defendant's fingerprints were on the broken glass bottle. Subsequently, a warrant was issued and defendant was arrested and charged with armed robbery.

Prior to trial, an evidentiary hearing was conducted on defense counsel's motion to suppress the glass bottle from evidence. At the hearing, the complainant identified a green "Atlas sugar-free, lemon-lime, at least 10 ounces" bottle as the article by which she was struck. She further testified that the pieces of the broken bottle were swept up and placed in a jar on the day succeeding the assault and that, on the following day, the evidence was given to Detective Philip Kidder of the St. Clair Shores Police Department.

Although not able to identify defendant as her masked assailant, the complainant testified that she had seen defendant in the store on several occasions. On direct examination, she unequivocally stated that defendant was not the customer who returned the green Atlas bottle to the store.

Also testifying at the evidentiary hearing was Detective Kidder, who was assigned to investigate the case on the Monday morning following the Saturday evening robbery. He recounted appearing at the grocery store to obtain the broken glass bottle from complainant and immediately thereafter delivering the bottle to the State Police Crime Laboratory.

On cross-examination, Detective Kidder admitted that the procedure employed in the investigation of this robbery deviated from the St. Clair Shores Police Department's normal procedure, as usually a detective would have photographed and collected the evidence on the morning subsequent to the commission of a major crime.

In denying defendant's motion to suppress the weapon from admission into evidence, the trial court stated:

"*The Court:* The testimony is quite clear from Mrs. Lower that she was struck over the head with a bottle. It was an Atlas bottle, lemon-lime, and she put the pieces in a jawbreaker jar and put them in a trash can liner and subsequently retrieved them and gave them to the police, and we have demonstrative evidence, it's either a lemon-lime bottle or it isn't a lemon-lime bottle that's in the jawbreaker container.

"The court will deny your motion to suppress and quash the information."

On appeal, defendant maintains that the trial court abused its discretion by admitting the glass bottle into evidence. Particularly, defendant contends that the trial court erred because of the police department's deviation from its normal procedure of preserving evidence and the tenuous connection of the evidence to the within case.

In his treatise on evidence, Professor McCormick provides the following guidance:[1]

"Again, demonstrative evidence may be classified as to whether the item offered did or did not play an actual and direct part in the incident or transaction giving rise to the trial. Objects offered as having played such a direct role, *e.g.,* the alleged weapon in a murder

---

[1] McCormick, Evidence (2d ed), § 212, p 527.

prosecution, are commonly called 'real' or 'original' evidence and are to be distinguished from evidence which played no such part but is offered for illustrative or other purposes. It will be readily apparent that when real evidence is offered an adequate foundation for admission will require testimony first that the object offered is *the* object which was involved in the incident, and further that the condition of the object is substantially unchanged. If the offered item possesses characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is relatively impervious to change, the trial court is viewed as having broad discretion to admit merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition." (Footnotes omitted; emphasis in original.)

A break in the chain of custody of evidence does not require automatic exclusion of the proffered evidence.[2] In order to obtain the admission of real evidence, a prosecutor must lay a foundation identifying the items as what they are purported to be and displaying that the items are connected with the accused or the crime.[3]

In the within matter, the following facts are pertinent to an analysis of this issue: (1) the complainant categorically identified the broken glass bottle as the weapon used to inflict her injuries; (2) the identified bottle was an uncommon brand; (3) shortly prior to the assault, the grocery store floor was swept, which negated the possibility of other glass being intermixed with the Atlas glass bottle; (4) on the day following the incident, the proprietor and the complainant returned to the store and preserved the evidence for the police department; (5) Detective Kidder, two days after the

---

[2] *People v Kemp,* 99 Mich App 485, 489; 298 NW2d 1 (1980).

[3] *People v O'Brien,* 113 Mich App 183; 317 NW2d 570 (1982), 9 Wigmore, Evidence (Chadbourn Rev), § 2550, p 640.

crime was committed, marked the broken bottle and delivered it to the State Police Crime Laboratory; (6) complainant testified that defendant was not the customer who returned the Atlas pop bottle; (7) a latent print specialist for the Michigan State Police, Dennis Holmes, testified at trial that he found fingerprints of the third and fourth fingers of defendant's left hand on the bottle.

In assessing the foregoing particulars, we find that the prosecutor established an adequate foundation for the admission of the broken bottle. In permitting the introduction of the broken bottle into evidence, the trial court did not abuse its discretion for, among other things, complainant unequivocally identified the bottle as the weapon, and the bottle was in a substantially unchanged condition.

In 29 Am Jur 2d, Evidence, § 774, pp 844-845, the general rule concerning the identification and introduction of evidentiary articles is set forth:

"Articles or objects which relate to or tend to elucidate or explain the issues or form a part of the transaction are admissible in evidence when duly identified and shown to be in substantially the same condition as at the time in issue. In most cases it is not possible to establish the identity in question by a single witness, since the object or article has usually passed through several hands before being analyzed or examined or before being produced in court, and under such circumstances it is necessary to establish a complete chain of evidence, tracing the possession of the object or article to the final custodian, and if one link in the chain is missing, the object or article cannot be introduced.

"The party offering the object or article in evidence must also show that, taking all the circumstances into account, including the ease or difficulty with which the particular object or article could have been altered, it was reasonably certain that there was no material alteration. It is not necessary that an object or article

which is offered in evidence should be in precisely the same condition at the moment of its offer as at the time when it played a part in the occurrence which gave rise to its offer in evidence, but the change in its condition must not have been wrought for unjustifiable purposes, and it must not be of sufficient moment that the exhibit will mislead." (Footnotes omitted.)

Inasmuch as we have concluded that a proper foundation for the admission of the article was laid through the testimony of complainant and Detective Kidder, the alleged deficiencies in the procedure used by the police in collecting and preserving the evidence go to the weight afforded to the evidence, rather than its admissibility.[4] We do not find a vital link missing in the chain of custody of the object, nor does any sign of tampering with the evidence appear on the record. In admitting the evidence at trial, the trial court did not clearly abuse its discretion.[5]

Affirmed.

[4] *People v Stevens*, 88 Mich App 421, 424; 276 NW2d 910 (1979), *lv den* 408 Mich 948 (1980), *People v Kozlow*, 38 Mich App 517, 527-528; 196 NW2d 792 (1972), *lv den* 387 Mich 798 (1972).

[5] *People v Becker*, 300 Mich 562, 565; 2 NW2d 503; 139 ALR 1171 (1942), *People v Amison*, 70 Mich App 70, 74; 245 NW2d 405 (1976), 1 Wigmore, Evidence (3d ed), § 16, p 310, 8 Michigan Law & Practice, § 221, pp 287-289.